[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated August 17, 1999, the plaintiff wife, Lisa M. Lounsbury, commenced this action seeking a dissolution of marriage on the grounds of irretrievable breakdown, alimony, custody of the minor children, support of the minor children, restoration of her maiden name, property distribution and other relief. The defendant, Richard R. Lounsbury, appeared through counsel and filed a cross complaint dated July 26, 1999. Both parties appeared at trial with counsel on September 20th and 21, 2001 and presented oral testimony and exhibits. The court, after hearing and reviewing the evidence, together with the post trial filings of the parties, finds the following facts.
The wife whose maiden name was Lisa M. Crowley married the defendant husband in New London, Connecticut on May 16, 1987. She has resided continuously in the state more than one year before the filing of her complaint. All statutory stays have expired. This court has jurisdiction of this matter. The parties have two minor children issue of this marriage: Christy M. Lounsbury, born November 11, 1990 and Mitchell R. Lounsbury, born May 19, 1992. No other minor children have been born to the plaintiff since the date of the marriage of the parties. The court further finds that no state or municipal agency is contributing to the support of the parties.
The wife is a 37 years old and attended college for one year. She is currently employed by the Town of Waterford as a 911 operator. She intends to return to school in order to pursue a career in fire systems. The wife has Hasimoto disease, a thyroid disorder. Her health problems do not effect her present employment. She currently earns $570.00 per week. The husband is 38 years old and has attained a bachelor of science degree in electrical engineering. He has been employed at Electric Boat for over ten years. The husband's health is good. His income is $1,326.00 per week. This is a first marriage for both parties. The parties met in high school and dated for five or six years prior to being married. The court further finds that each party is working to his or her present earning capacity. CT Page 14706
The parties, through testimony and exhibits, each claim that the other is entirely responsible for the breakdown of the marriage. The plaintiff charges the defendant with repeated instances of abuse, both physical and emotional, while the husband believes that the wife is controlling and manipulative. The litigation of the dissolution action was, to say the least, contentious. There were over 50 filings, motions and such over the two years the action was pending before this court. The court finds the plaintiff's complaints of physical abuse to be unsubstantiated. However, the court does find that the defendant verbally abused the plaintiff during the course of their marriage. The court finds that the plaintiff also contributed to the breakdown of the marriage. The pool/lawn chair incident (or non incident) which resulted in a 911 call and subsequent restraining order demonstrates at best a hypersensitivity on her part or at worst a manipulation of the legal process. Plaintiff's raid on the joint savings account immediately prior to the entry of the automatic orders is further evidence of connivance.
Immediately prior to "the trial on this matter, the parties, through counsel, advised the court that the custody and access issues were resolved by agreement. The court canvassed both parties in open court and accepted their agreement which is incorporated into this judgment as hereinafter more fully set forth.
The court finds that the marriage has broken down irretrievably. The court dissolves the marriage based upon irretrievable breakdown. The cause of the breakdown of the marriage, however, is only one factor considered by the court in awarding alimony and/or property. The court in entering its other orders has considered the provisions of Connecticut General Statutes (C.G.S.) §§ 46b-40, 46b-56, 46b-61, 46b-81 and 46b-82
as well as other statutes relevant to the issues presented. The court enters the following orders:
1. The parties to share joint legal custody with residential custody to the mother.
2. Father shall have visitation on alternate weekends from Fridays after school until Sundays at 7:00 p.m., unless there is no school the next morning, in which case the return time is Monday morning. Father shall have additional visitation on Wednesdays from after school until Thursday before school.
3. Each party to engage in individual counseling as recommended by Dr. Diller before modifications to the recommended visitation schedule can be sought by either party. Each party shall be responsible for all charges for his or her individual counseling. CT Page 14707
4. The plaintiff shall enroll the children in counseling to address the children's issues of confusion and depression. The plaintiff and defendant shall cooperate with the counselor and attend counseling sessions as required by the counselor. Neither party shall file a motion to modify visitation until the children's counselor has formulated a recommended revised visitation schedule.
5. The plaintiff has the sole decision making authority to make routine educational, medical, and extracurricular recreational activities decisions regarding the minor children without contacting the father in advance. Mother shall endeavor to schedule extracurricular activities at times other than periods of father's access, unless the parties agree otherwise. The mother shall however have the responsibility of consulting with the father in advance regarding all "non-routine" educational and medical issues prior to her final decision. Non-routine educational issues shall include: choice of school (other than a neighborhood public school) and daycare, religious education, grade retention or promotion, tutoring and private school expenses. Non-routine medical issues and related expenses shall include: experimental or alternative medical treatments, surgery, non-emergency blood transfusions, hospitalizations and issues concerning organ transplantation or donation. The patties shall inform each other immediately of any medical issues, whether routine or non-routine, which arise during their respective periods of access.
6. Holiday access and school vacations as follows: (a) Halloween alternated with the defendant receiving 2001, (b) Thanksgiving Day alternated with the plaintiff receiving 2001, (c) Christmas: the parties will alternate Christmas Eve through Christmas Day at 10:00 a.m., and Christmas Day 10:00 a.m. through December 26th 10:00 a.m. with the plaintiff having Christmas Eve 2001, (d) the defendant will have Christmas school vacation each year (subject to (c) above) and the plaintiff shall have April vacation each year and (e) each party to have two uninterrupted weeks during the school summer vacation.
7. The defendant is to pay the sum of $247.00 per week child support by immediate wage execution. The court concludes that the plaintiff's annualized income is approximately $30,000.00 per annum. The defendant's current income is approximately $64,000.00 annum. The child support is based upon those figures. In addition, the defendant shall pay to the plaintiff 50% of the plaintiff's work-related daycare including summer camp (which is in lieu of daycare). Said orders conform to the Child Support Guidelines.
8. Plaintiff to retain Mitchell as a tax exemption; the defendant, Christy until Christy cannot legally be used, then Mitchell alternated, CT Page 14708 unless the defendant is not current on his support on December 31 of each year, whereupon the plaintiff would retain both.
9. Each party shall maintain medical insurance for the benefit of the minor children as available at their place of employment at reasonable cost. Each party shall split all uncovered/unreimbursed medical expenses equally; that is, 50/50 after the plaintiff pays the first $100.00 per year, per child, of uncovered/unreimbursed medical and health-related expenses. However, in the event that either party, either through willful misconduct or ignorance, triggers a plan limitation, exclusion or penalty (i.e., a reduction in the plan reimbursement levels) as a result of (a) seeking medical treatment from an out-of-network health care provider, (b) utilizing a proprietor that charges above the plan's reasonable and customary limitations or (c) authorizing medical treatment that is otherwise expressly limited or excluded under the terms of the plan or that party will be responsible for paying 100% of such unreimbursed expenses. Said order conforms to the Child Support Guidelines.
10. The husband shall pay to the wife the sum of $125.00 per week as alimony for a period of four years, tax includable to the plaintiff and deductible to the defendant, and to terminate upon the plaintiff wife's remarriage or death collected by wage garnishment. Alimony is non-modifiable as to both amount and term except that the alimony may be modified upon motion of the defendant and finding by the court that the plaintiff has cohabited by statute.
11. The defendant husband's defined benefit pension shall be divided 50/50 as of the date of the dissolution judgment by Qualified Domestic Relations Order (QDRO). Plaintiff's attorney shall prepare said QDRO with the court to retain jurisdiction over the terms thereon. The parties also to divide and share the defendant's prepaid retirement 50/50 by QDRO. The plaintiff shall retain her 401K plan as well as any benefits to be received from the Municipal Employee's Retirement Fund, free and clear of any claims of the husband.
12. The parties shall place the marital residence located at 17 Grove Street, New London, Connecticut for sale with a licensed real estate broker, mutually agreeable to both parties, at an agreed upon listing price. The defendant shall have the first option to purchase said house at any listing price the parties agree upon. The net proceeds divided 50/50 between the parties with the net proceeds defined as sales price minus the mortgage, attorney's fees, conveyance tax, state tax, real estate commission, and the customary and normal adjustments for residential real estate sale in New London County. The court shall retain jurisdiction to carry out the provisions of this paragraph. CT Page 14709
13. The defendant shall maintain life insurance, as available at his place of employment, naming the plaintiff as beneficiary until his support and alimony obligations terminate.
14. The parties shall retain the automobiles currently in their possession, signing whatever documents are necessary to transfer file within 30 days.
15. All other personal property, with the exception of each party's respective bank accounts, will be the subject of a binding arbitration by Attorney Dave Gaccione, with the costs split equally, as agreed to by the parties in open court at trial.
16. Each party to pay Sarette Williams the sum of $2,780.00 in full within 120 days. These obligations are in the nature of child support and therefore are not dischargeable in bankruptcy.
17. Each party shall be responsible for their own attorney's fees.
Dubay, J.